# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

LARRY G. COKER,            )
                           )
         Plaintiff,        )
                           )
v.                         ) Case No. 5:12-cv-01028-SLB-TMP
                           )
CORIZON MEDICAL SERVICES,  )
et al.,                    )
                           )
         Defendants.       )

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this cause on January 6, 2015 (Doc. # 68), recommending that the defendants' motion for summary judgment be granted and the federal law claims against them dismissed with prejudice. He also recommended that the state law claims against the defendants be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). Finally, he recommended that the plaintiff's motion for summary judgment be denied. Plaintiff filed his initial objections to the report and recommendation on January 15, 2015 (Doc. # 73), followed by another set of objections on February 4, 2015. (Doc. # 76). On February 20, 2015, plaintiff also filed a Motion for Reconsideration of All Pleadings Filed at 69, 70, 72, 73, 74, and 76 (Doc. # 82), which the court also deems to be in the nature of objections to the report and recommendation.

In his initial objections (Doc. # 73), the plaintiff objects to the magistrate judge's

conclusion that, while he may have suffered negligence at the hands of various medical-care providers, he has not shown the necessary deliberate indifference to his serious medical needs to make a constitutional claim under the Eighth Amendment. He points out that he suffered severe sepsis, shock, and acute renal failure following a prostate biopsy in October 2010. He was hospitalized for eight days in intensive care, and even after his return to the Limestone Correctional Facility, he remained in the infirmary for two weeks, receiving antibiotic treatment.

Even so, the undisputed facts show that plaintiff underwent a prostate biopsy on October 25, 2010, to determine if he had prostate cancer. He was prescribed and given Cipro, an antibiotic, the day before, the day of, and day following the biopsy, but he was not prescribed an antibiotic for a longer period following the test. Three weeks later, on November 16, 2010, he was discovered unconscious in his cell. He was transported to a free-world hospital and placed in the intensive care unit with a severe infection, believed to be a consequence of the prostate biopsy.

Even though it is clear that plaintiff suffered a severe complication from the biopsy, one that almost killed him, it also is clear that there is no evidence that any medical professional involved in the biopsy or recovery was deliberately indifferent to his medical needs. As the magistrate judge pointed out, a claim under the Eighth Amendment must go beyond "mere negligence," it must involve deliberate indifference to the serious medical need of the prisoner. While it might be argued that the defendants

were negligent in failing to administer antibiotics for a longer period of time following the biopsy, it cannot be said that they were deliberately indifferent to the risk of infection due to the biopsy. They gave the plaintiff a course of Cipro for three days, before, during, and after the biopsy to minimize the known risk that an infection can occur following a prostate biopsy. That the treatment with Cipro was not enough to prevent the infection does not establish deliberate indifference by the defendants. Thus, the court agrees with the magistrate judge that the evidence fails to establish a constitutional claim for denial of medical care to the plaintiff. Insofar as defendants may have been negligent, the court will adopt the magistrate judge's recommendation that plaintiff's state-law claims of negligence be dismissed without prejudice so that he can pursue them in state court if he chooses to do so.

Plaintiff also seems to argue that the court must appoint an attorney to represent him and, further, an expert hematologist to provide expert testimony concerning his medical care. This is a civil case; plaintiff has no constitutional right to the appointment of counsel to assist him. The cases cited by the plaintiff in Doc. # 76, Lavender v. Kearney, 206 Fed. Appx. 860, 864 (11th Cir 2006), and Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir 1999), do not hold that a prisoner has a right or entitlement to appointed counsel in a civil matter. Rather, they both hold that prisoners have no such right or entitlement, but that the court *may*, in its discretion, appoint counsel. Although the court has the discretion to do so, this case does not necessitate appointment of counsel because

the evidence is relatively straightforward and undisputed, being reflected in the medical records and plaintiff's own testimony.

For these reasons, the plaintiff's objections to the report and recommendation will be overruled, and the report and recommendation will be adopted and accepted by the court. Plaintiff's Motion for Reconsideration, (doc. # 82), is due to be denied.

By separate order in accordance with this memorandum opinion, the court will deny the plaintiff's motion for summary judgment, and will grant the defendants' motions and dismiss with prejudice the plaintiff's claims under federal law. The court also will dismiss without prejudice the plaintiff's claims under Alabama state law, pursuant to 28 U.S.C. § 1367(c). Finally, plaintiff's Motion for Reconsideration will be denied.

**DONE** this 23rd day of March, 2015.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE